IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2009

## MAURICE NASH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 5137     Joe H. Walker, III, Judge**

---

**No. W2008-00680-CCA-R3-PC  - Filed April 17, 2009**

---

The petitioner, Maurice Nash, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he received effective assistance of trial counsel. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Lyle A. Jones, Assistant District Public Defender, for the appellant, Maurice Nash.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 2006, the petitioner was convicted of two counts of aggravated assault and one count of reckless endangerment with a deadly weapon and sentenced to an effective term of five years. On November 30, 2006, the petitioner entered a written waiver of appeal as part of a negotiated plea in other cases. On August 7, 2007, the petitioner filed a *pro se* "Petition for Relief from Post Conviction or Sentence," alleging that he was denied the effective assistance of trial counsel. Post-conviction counsel was subsequently appointed, and an evidentiary hearing was held on January 18, 2008.

At the evidentiary hearing, trial counsel testified that the petitioner was tried with a co-defendant. Trial counsel said that he and counsel for the co-defendant depleted the jury pool and that additional jurors were brought in during the lunch break. Asked how the petitioner was dressed

during the trial, counsel said, "I think he had the TDOC uniform on." Counsel said he did not know if he filed a pretrial motion asking for the petitioner to be allowed to wear civilian clothes, explaining that the petitioner had two trials set for the same day and he did not know which trial would be first. Counsel said he did not recall the petitioner requesting to wear civilian clothing or seeing the petitioner's mother at the courthouse. Counsel acknowledged that a defendant's wearing prison attire during trial could be prejudicial and could impact the jury's evaluation of the defendant. Asked if he objected to the petitioner's wearing his prison clothes, counsel said, "I don't think it came up." He said he did not recall discussing the ramifications of wearing prison attire with the petitioner. Counsel did not recall filing a notice of appeal but said he discussed it with counsel who replaced him.

Minnie Nash, the petitioner's mother, testified that, at the petitioner's request, she brought civilian clothes for him to wear the day of the trial. However, she did not tell trial counsel that she had the clothes because she did not see him before the trial started.

The petitioner testified that, the day of trial, he asked trial counsel if he had to wear his prison uniform, but counsel did not respond. He told counsel that his mother was bringing some clothes for him to wear. The petitioner said that he asked trial counsel to file an appeal on his behalf before he signed the waiver of appeal a few months later as part of a plea agreement on another case.

At the conclusion of the hearing, the post-conviction court entered an order denying the petition, finding, among other things, that the petitioner had failed to show either a deficiency in counsel's representation or prejudice.

## ANALYSIS

The petitioner argues that trial counsel was ineffective for failing to request that the petitioner be allowed to wear "street clothes" during trial. The State asserts that the petitioner has failed to show that the outcome of his trial would have been different if he had been allowed to wear civilian clothes at trial.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance

prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

In denying the petitioner post-conviction relief, the court stated:

> Petitioner complains that he was not given civilian clothes for the trial. Petitioner claims that he had civilian clothes available, but did not change. He has shown no prejudice by wearing the blue clothes. In addition, he was allowed to wear civilian clothes if requested and was not forced to wear prison garb. He did not show his attorney was deficient in this regard.

> Petitioner complains of the jury selection procedure. However, his attorney objected to the procedure. Petitioner has shown no deficiency in his counsel's actions as a result of the procedure used, or prejudice to him.

> Petitioner waived these issues by waiving his appeal.

> . . . .

> Petitioner complains that counsel failed to appeal the conviction. Petitioner has failed to show how he was prejudiced by counsel's failure to appeal this case. He hired different counsel for appeal and as a part of the plea arrangement and for the

agreed sentence in cases RD 5385 through 5388, the petitioner waived appeal in this case. He has failed to demonstrate prejudice by any neglect in this regard.

The Court finds that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. . . . The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. The petitioner has not shown that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

At the evidentiary hearing, several bases for ineffective assistance of counsel were testified to by the petitioner. However, on appeal, the only claim pursued is that trial counsel was ineffective for not arranging for the petitioner to change into civilian clothes before jury selection began. As to this matter, trial counsel said that he did not believe a question "came up" as to the petitioner's attire and did not recall discussing it with the petitioner. The petitioner's mother testified that, on the day of trial, she brought to the courthouse civilian clothes for him to wear but did not tell trial counsel of this fact because she did not see him before the trial began. The petitioner testified that he told trial counsel that his mother was bringing civilian clothes to the courthouse and asked if he had to wear prison garb, but counsel did not respond. Based upon this testimony, the post-conviction court found that the petitioner had both failed to establish that counsel was ineffective or that he had suffered prejudice as the result of counsel's alleged inactions. The record fully supports these determinations.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE